

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 12, 1969

Honorable Hollis D. Garmon
District Attorney
8th Judicial District
P. O. Box 111
Greenville, Texas

Dear Mr. Garmon:

Opinion No. M-416

Re: The filing, processing
and disposition of felony
complaints with the Justice
of the Peace and related
questions.

You have requested the opinion of this office in regard to the proper procedures to be used in the filing, processing and disposition of felony complaints and related matters in the office of the Justice of the Peace. You pose twelve questions for our consideration and we will set out each question and follow with our answer before proceeding to the next question. All Articles cited herein are from Vernon's Code of Criminal Procedure unless otherwise indicated.

"1. Should the Justice of the Peace make a memorandum on his docket listing and identifying each instrument received by his office?"

The keeping of a docket reflecting criminal matters by a justice of the peace is governed by Articles 45.13 and 45.14. These articles provide as follows:

Art. 45.13 Criminal docket

"Each justice of the peace and each recorder shall keep a docket in which he shall enter the proceedings in each trial had before him, which docket shall show:

1. The style of the action;

2. The nature of the offense charged;

3. The date the warrant was issued and the return made thereon;

- 2069 -

4. The time when the examination or trial was had, and if a trial, whether it was by a jury or by himself;

5. The verdict of the jury, if any;

6. The judgment and sentence of the court;

7. Motion for new trial, if any, and the decision thereon;

8. If an appeal was taken; and

9. The time when, and the manner in which, the judgment and sentence was enforced."

Art. 45.14  To file transcript of docket

"At each term of the district court, each justice of the peace shall, on the first day of the term of said court for their county, file with the clerk of said court a certified transcript of the docket kept by such justice, of all criminal cases examined or tried before him since the last term of such district court; and such clerk shall immediately deliver such transcript to the foreman of the grand jury."

It is our understanding that these statutes are interpreted by many justices of the peace as requiring that only criminal cases within the jurisdiction of the justice court need be reflected in a docket book and by docket entries.

However, since Article 45.13 refers in Subsection 4 to "examinations" as well as trials, it would seem that the statute expressly covers examining trials and presumably other matters involving the filing and processing of felony complaints and misdemeanor complaints which charge offenses coming within the jurisdiction of the county court. Furthermore, Article 45.14 requires the submission of a transcript of the criminal docket kept by the justice of the peace to the grand jury. This provision clearly suggests that

the justice of the peace docket should reflect all criminal proceedings, including felony and county court misdemeanor complaints which are filed in a justice court.

Accordingly, we find that it was clearly the intent of the Legislature in enacting Articles 45.13 and 45.14 to require the justice of the peace to keep a docket reflecting all criminal matters handled by him and to note on his docket all actions taken and all instruments received in connection with each criminal proceeding.

"2. Should the Justice of the Peace deliver all of the instruments received by his office, including warrants, affidavits, voluntary statements, bonds, and incidental papers sealed in an envelope to the District Clerk or should only the evidence obtained from examining trials be sealed in such envelopes?"

Articles 15.01, et seq., provide that a magistrate, including, of course, justices of the peace, may take sworn complaints of offenses allegedly committed and issue warrants of arrest for the taking of the asserted offender. Articles 14.01 et seq. provides that arrests can be made without a warrant in certain cases.

Whether the arrest be made with or without warrant, the Code of Criminal Procedure requires that the arresting officer take the person arrested before a magistrate, usually a justice of the peace. Article 16.01, et seq., grants to the person arrested, the right to have the validity of the accusation tested by an examining trial. Article 17.30 provides:

Art. 17.30    Shall certify proceedings

"The magistrate, before whom an examination has taken place upon a criminal accusation, shall certify to all the proceedings had before him, as well as where he discharges, holds to bail or commits, and transmit them, sealed up, to the court before which the defendant may be tried, writing his name across the seals of the envelope. The voluntary statement of the defendant, the testimony, bail bonds, and every other proceeding in the case, shall be thus delivered to the clerk of the proper court, without delay." (Emphasis supplied.)

One interpretation of this statute is that only the proceedings, including all instruments received therein, of an examining trial need be placed in an envelope, sealed and delivered to the clerk of the proper court. However, while other magisterial proceedings need not be sealed, a reading of the entire Code of Criminal Procedure suggests that it was the legislative intent that all such proceedings (relating to felony and county court misdemeanor cases) should be transmitted to the appropriate court. For example, Article 17.32 requires the magistrate to file with the proper clerk the complaint and warrant where no arrest has been made. Article 15.18 provides that a magistrate who sets bail for an accused arrested under an out-of-county warrant shall immediately transmit the bond taken to the court having jurisdiction of the offense. Article 18.29 requires the magistrate to keep a record of proceedings had in connection with the issuance of search warrants and to deliver such records to the clerk of the proper court.

Accordingly, it is our opinion that all proceedings in a justice court, including instruments received therein as a part thereof, that pertain to felony offenses or county court misdemeanor offenses, should be certified and forwarded to the court having jurisdiction over the offense in question. However, except for examining trial proceedings, the transmitted records need not be sealed in an envelope.

Observation is made that the magistrate may not have in his possession for transmittal all of the instruments and papers incident to a particular case. For example, where the sheriff or other peace officers have taken bail, the bond will not be in the possession of the magistrate. In such case, the magistrate has no duty to insure that the bond is delivered to the proper court or other authority.

"3. When the Grand Jury receives the envelope containing the hereinbefore mentioned papers from the District Clerk, is the Grand Jury authorized to open such envelope without a Court order?"

As noted above, a justice of the peace is required to transmit instruments reflecting proceedings in criminal cases, not within the jurisdiction of the justice court,

to the proper court. Article 17.30 requires that certain of these proceedings be forwarded in a sealed envelope. Article 17.31 provides:

Art. 17.31 Duty of clerks who receive such proceedings

"If the proceedings be delivered to a district clerk, he shall keep them safely and deliver the same to the next grand jury. If the proceedings are delivered to a county clerk, he shall without delay deliver them to the district or county attorney of his county."

The above quoted statute requires the clerk to make delivery to the grand jury (or to the district or county attorney in county court cases), and no court order is required to effectuate such delivery and opening by the grand jury.

"4. Is the attorney for the Defendant entitled to open the envelope containing the search warrants, bonds, confessions, and other statements without a Court order?"

As noticed earlier, the district clerk is required by Article 17.31 to keep the sealed envelope of the examining trial proceedings "safely" until delivered to the grand jury. While the district or county attorney may have access to the proceedings in order to prepare the case for grand jury presentation (see Attorney General's Opinion No. C-177), the terms of Article 17.31 do not expressly prohibit the clerk from allowing access to the sealed envelope to a defendant's attorney. However, the statute cannot be said to require the clerk to disclose the contents of the envelope to a defendant's attorney or to "entitle" such attorney to open the envelope. Where the clerk chooses not to permit inspection of the papers in the envelope by the defense counsel, a court order may be sought to require inspection. This order may be obtained by a showing of "good cause therefor" under the procedures for discovery prescribed by Article 39.14.

"5. Does the Justice of the Peace, in a felony case, tabulate and calculate the costs up to the point when he delivers the papers to the District Clerk, or does the District Clerk tabulate all of the costs in a criminal case under Article 1064 revised by Article 2410?"

Article 1009 requires a justice of the peace to "keep a fee book and enter therein all fees charged for service rendered in any criminal action or proceeding", necessarily including any fees incurred through the filing, processing and disposition of felony complaints. The record of fees that arise from felony complaint cases are part of the proceedings in such a case and should be transmitted along with other instruments and records to the district clerk. Upon final disposition of a felony case, the district clerk will tabulate all fees and costs, including those incurred in the justice of peace proceedings.

"6. Is the Justice of the Peace supposed to keep a book showing the facts for which the basis of the search warrant was issued, or is that record to be sent to the District Clerk's office?"

Before a search warrant is issued, a sworn complaint, or affidavit, must be filed with the issuing magistrate setting forth facts demonstrating that probable cause exists for the issuance of the search warrant. Article 18.01. The filing of the complaint and the issuance (or denial) of the search warrant should be noted on a docket sheet. The return of the warrant and the inventory of any property seized should also be recorded by the magistrate. Articles 18.21 and 18.27. Any hearing had on the propriety of the issuance of the warrant, held pursuant to the provisions of Article 18.23, et seq., should be noted on the docket sheet together with the magistrate's decision in this connection. Article 18.29 requires the magistrate to keep a record of all proceedings and certify the search warrant proceedings and deliver them to the clerk of the court having jurisdiction of the case, including all the original papers relating thereto. The original docket sheet should be retained by the justice of the peace.

"7. Is the old-fashioned type, usually a red envelope, used by the Justice of the Peace office to be destroyed after it has been sent over to the District Clerk; the District Clerk takes the papers out and places them ultimately in a manilla folder, being flat filing system, commonly used through the State? (Our J. P. now uses (a) manilla folder and sends that same folder up to the District Clerk, and the J. P. retains no record whatsoever except the docket sheet)."

The answer to the foregoing question depends on the procedure adopted by a particular justice of the peace. While justices of the peace are required to keep docket sheets relating to all criminal proceedings, there is no statutory provision requiring the retention of any record. Some justices, however, do make and retain copies of all instruments filed with their office.

"8. Does the Justice of the Peace wait until the arrest has been made, the bond has been made at examining trial, and until confession has been taken, if within a reasonable period of time, before he seals off such papers in an envelope and delivers the same to the District Clerk to be held for the grand jury?"

Where a complaint is filed charging an offense that is either a felony or a county court misdemeanor, the justice of the peace will ordinarily wait until the warrant is executed, bail has been set and an examining trial held, if one is requested, before transmittal of the papers to the appropriate court.

However, where no arrest is made after a reasonable time, the magistrate must transmit the complaint and warrant of arrest (and list of the witnesses) to the Proper court. Article 17.32.

Often, a defendant will be arrested and the magistrate will set bail but the defendant is unable to make bond at the time of his appearance before the magistrate. In such case the proceedings, when the examining trial has either been held or waived, should be transmitted to the court having jurisdiction. This transmittal should be accomplished even though the accused may later make bond with the sheriff or other peace officer, since it is not incumbent upon the justice of the peace to forward any papers that are not within his possession.

Likewise, the confession of the accused is usually of no concern to the magistrate except where made during the course of an examining trial. Where such a confession is made, it should, of course, be forwarded to the proper clerk along with the other papers. However, a confession made to a peace officer or to a county or district attorney does not properly become a part of the magisterial records, unless introduced by the state in an examining trial.

"9. What type, if any, seal is required on the envelope that the Justice of the Peace writes across or places on the envelope mentioned in Article 17.30?"

Article 17.30 requires that examining trial proceedings shall be delivered to the proper court after they have been certified and sealed in an envelope. No particular type of seal is required and where the envelope has its own sealing agency or glued flap, the justice of the peace merely writes his name across the sealing portion of the envelope. Where sealing wax is used, the justice will sign on the wax wafer.

"10. If a person has been sentenced to the State penitentiary and Court costs have not been paid, and he requests parole before his term has ended, can the County or State make him serve additional time to comply with Court costs, the same as we do in County Court where a fine is imposed and court costs is attached under Article 2410?"

Parole from a state penitentiary is a matter for determination by the Board of Pardons and Paroles and the Governor. While the failure to pay court costs that have been assessed against a convicted defendant is a factor to be considered by the Board, there is no way that the state or the county can require a defendant to serve additional time to compensate for the non-payment of costs once parole has been granted.

"11. Does the Foreman of the Grand Jury have the authority to call a Defendant before the Grand Jury for questioning, particularly where the Defendant does not have an attorney and has not had an attorney appointed for him? If the Foreman can call the Defendant, is it necessary to appoint an attorney for the Defendant before bringing him before the Grand Jury, giving him the warning, and questioning such Defendant?"

Article 20.10 authorizes either the foreman of the grand jury or the attorney representing the state to issue process for the compulsory attendance of witnesses to testify before the grand jury. A defendant or person under investigation by the grand jury is not exempt from such process and may be required to appear before the grand jury. Some district and county attorneys do require attendance by a defendant and offer to him the opportunity to testify in order to forestall a claim by the defendant later that he was not permitted to appear before the grand jury.

Where a defendant is required to appear, a careful explanation of his rights and privileges should be made by the foreman or by the state's attorney. The defendant should be advised that his past actions are being inquired into by the grand jury, and he should be informed of any accusation against him, and he should be advised of his right to have an attorney to consult with in connection with his appearance before the grand jury; he should be advised of his right to remain silent and of his right to terminate the grand jury interrogation at any time should he initially decide to testify and later change his mind; he should further be warned that any testimony that he gives before the grand jury may be used as evidence against him in a criminal trial. Should the defendant request the services of an attorney and he is indigent, one should be appointed for him before any interrogation is commenced.

It should be observed that the foregoing discussion does not deal with the power of the grand jury to compel a defendant to testify, for it may well be that an accused, pursuant to certain statutes authorizing the procedure, can be made to testify in grand jury proceedings with such compulsion nullifying any later criminal prosecution. Rather, our discussion is focused toward the practical aspects of requiring a defendant to appear before a grand jury.

"12. Does the District Attorney have authority to issue a summons to cause witnesses to be brought before the Grand Jury or is that reserved to the Foreman of the Grand Jury, the District Clerk and the Court?"

Your last inquiry is answered by Article 20.10 which provides as follows:

Art. 20.10  Attorney or foreman may issue process

"The attorney representing the state, or the foreman, in term time or vacation, may issue a summons or attachment for any witness in the county where they are sitting; which summons or attachment may require the witness to appear before them at a time fixed, or forthwith, without stating the matter under investigation."

It is clear that the district attorney does have the authority to issue a summons to require witnesses to appear before the grand jury.

## SUMMARY

Articles 45.13 and 45.14 of the Code of Criminal Procedure require that a Justice of the Peace keep a docket reflecting all criminal matters that come to his attention in both his magisterial and judicial capacities.

All instruments concerning a particular criminal matter should be forwarded to the clerk of the court having jurisdiction over the offense charged, including search warrant affidavits and a tabulation of court costs in a magisterial proceeding. All forwarded papers are available to the grand jury for their use and consideration without a court order.

When a defendant has been granted parole, he cannot be required to serve additional time to compensate for the non-payment of assessed court costs.

A defendant can be summoned before a
grand jury; when so summoned he should be
advised of his constitutional rights in
connection with his appearance, including
his right to the services of an attorney.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Lonny F. Zwiener
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Ralph Rash
Alfred Walker
Bill Craig
Robert C. Crouch

W. V. Geppert
Staff Legal Assistant

Hawthorne Phillips
Executive Assistant